PAUL W. DANIELS and JUANITA S. DANIELS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Daniels v. Commissioner
Docket No. 11169-79.
United States Tax Court
T.C. Memo 1981-58; 1981 Tax Ct. Memo LEXIS 684; 41 T.C.M. (CCH) 855; T.C.M. (RIA) 81058; February 17, 1981. Paul W. Daniels, pro se. Alan J. Pinner, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $ 3,766.76 in petitioners' Federal income tax for 1976 and an $ 1,883.38 addition to tax for fraud under section 6653(b). [1] This case is before us on respondent's motion for summary judgment with respect to both the deficiency and the addition to tax for fraud. The notice of deficiency was issued on April 30, 1979, and the petition was filed on July 27, 1979. Petitioners Paul W. Daniels and Juanita S. Daniels, husband and wife, were residents of Altadena, Calif., when they filed their petition. Respondent's answer was filed on September 20, 1979. Petitioners ignored respondent's attempts at informal *685 discovery. Accordingly, on March 7, 1980, respondent served petitioners with written interrogatories and a request for production of documents pursuant to Rules 71 and 72, respectively. [2] Petitioners neither objected to nor answered the interrogatories or the request for production of documents as required by Rules 71(c) and 72(b). On May 15, 1980, respondent filed with the Court a "Motion to Compel Response to Respondent's Interrogatories and Request for Production of Documents." On June 18, 1980, the Court ordered petitioners to answer respondent's interrogatories and to produce the requested documents on or before August 22, 1980. Petitioners did not comply with that order. On September 2, 1980, respondent filed a "Motion for Order Imposing Sanctions Under Rule 104" requesting the Court to Strike the assignments of error set forth in the petition. OnOctober 8, 1980, the Court entered an order granting respondent's motion. On December 24, 1980, respondent filed a motion for summary judgment under Rule 121 with respect to both the deficiency and the addition to tax for fraud. After due *686 notice, a hearing was held on that motion on January 12,1981. At that hearing, respondent moved that the affirmative allegations contained in his answer be deemed admitted. [3] The Court granted the motion; therefore the following allegations are deemed admitted: (a) During the taxable year 1976, petitioner Paul W. Daniels was an employee of the Internal Revenue Service, and had been since May 29, 1951. During the taxable year 1976, and the years thereafter, Mr. Daniels was a senior Revenue Agent, GS-13, with a post of duty in El Monte, California. (b) On their income tax return for the taxable year 1976, the petitioners claimed dependency exemptions for individuals named "Stephanie" and "Craig". The return represented that said individuals were the petitioners' dependent children who lived with them during the year in question. (c) Mrs. Stephanie Franklin (nee Daniels) is the petitioners' daughter. Attached hereto as Exhibit A is a photocopy of a document entitled "Certificate of Registry of Marriage 19621" found in the files of the Los Angeles County Recorder. Said document indicates *687 that Stephanie Daniels married Clifford Ramon Franklin on May 25, 1974. (d) Stephanie Franklin filed a joint federal income tax return with her husband for taxable year 1976. (e) Stephanie Franklin did not reside with petitioners' [sic] during taxable year 1976. (f) The petitioners never had a dependent child named Craig; and did not have a dependent child named Craig living with them in 1976. (g) "Craig"is the middle name of petitioners' child Phillip Daniels, who was claimed on petitioners' 1976 federal income tax return. (h) The petitioners claimed an exemption on their 1976tax return for their daughter, Stephanie, knowing full well that she was married; that she no longer resided with them; and that she was not their dependent. * * * (i) The petitioners' [sic] claimed an exemption on their 1976 tax return for a son named "Craig", knowing full well that they had so son by that name residing with them in 1976. * * * We now address respondent's motion for summary judgment. First,we grant respondent's motion with respect to the deficiency. Each issue not addressed by a clear and concise assignment of error in the petition is deemed to be conceded. Rule *688 34(b)(4). In view of the fact that we have stricken the assignments of error in the petition, petitioners concede the correctness of respondent's deficiency determination. Accordingly, decision will be entered for respondent that there is a deficiency of $ 3,766.76 in petitioners' Federal income tax for 1976. Respondent's motion for summary judgment also extends to the section 6653(b) addition to tax for fraud. Section 6653(b) imposes an addition to tax when any part of an underpayment is due to fraud. Fraud is an intentional act of wrongdoing with the specific purpose to evade a tax believed to be owing. Mitchell v. Commissioner, 118 F.2d308 (5th Cir. 1941). The existence of fraud is a question of fact to be determined from the entire record. . Respondent has the burden of proof and must establish fraud by clear and convincing evidence. Sec. 7454(a); . In this case, the affirmative allegations in respondent's answer have been deemed admitted. Thus, respondent's burden of going forward has been satisfied. , *689 affd. without opinion ; . The facts, as deemed admitted, establish that petitioners claimed dependency exemptions for two individuals knowing that neither individual was their dependent. Based on that, we find respondent has clearly and convincingly proved fraud with the intent to evade tax. See For reasons stated above, decision will be entered for respondent with respect to both the deficiency and the addition to tax for fraud. [4]
*690 Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. See Rule 104(c)(1); .↩
4. Apparently, respondent was willing to base his case for summary judgment on fraud on Rule 34(b)(4) since the assignment of error in the petition relating to fraud was also stricken when sanctions were imposed. However, since the affirmative allegations in respondent's answer have been deemed admitted, a clear route to the correct result is provided by . We decline respondent's invitation to address what we consider a difficult issue. Cf. ; .↩